UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOHN SHAPIRO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-373-CEA-MJD |
| JOY CAMPANELLI, | ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION**

This case is filed pro se and without prepayment of fees by Plaintiff John Shapiro ("Plaintiff"). Currently before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") [Doc. 1], and Plaintiff's complaint [Doc. 2], which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). As set forth below, Plaintiff has failed to state a proper claim over which this Court has jurisdiction. The Court will therefore recommend this case be dismissed with prejudice and Plaintiff's IFP application be denied as moot with no filing fee assessed.

**I.    STANDARDS**

A plaintiff may commence a civil action in federal court without prepaying the administrative costs of the suit if the plaintiff demonstrates they are financially unable to do so. 28 U.S.C. § 1915(a). However, a district court is required to dismiss the civil action, or portion thereof, if the court determines the complaint is frivolous or fails to state a claim upon which relief can be granted, or if the IFP plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). If at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.     ANALYSIS

Plaintiff is attempting to sue Joy Campanelli ("Defendant"). He does not provide her address nor does he provide any information whatsoever regarding why he is attempting to sue her. His complaint reads in its entirety:

> 1. Upon information and belief, Defendant conspired with others, which violated Fourteenth Amendment Rights.
>
> 2. Plaintiff demands $1 Million against Defendant.
>
> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

[Doc. 2 at Page ID # 4].

Plaintiff has recently filed numerous lawsuits against Defendant in various district courts across the United States, all with similar if not identical complaints. *See Shapiro v. Campanelli*, No. 1:25-cv-01859, 2025 WL 3677640, at *2 (E.D. Cal. Dec. 18, 2025) (pending report and recommendation; noting that "public court records show that Plaintiff has filed his one-page complaint devoid of any factual allegations against the same defendant **in several dozen other federal lawsuits this week**," and citing cases (emphasis added)). Plaintiff has pursued IFP status

3

in all of these cases. *See, e.g.*, *Shapiro v. Campanelli*, No. 5:25-cv-01517-J, Doc. 3 (W.D. Okla., Dec. 16, 2025) (case dismissed and IFP application terminated); *Shapiro v. Campanelli*, No. 25-CV-294-SWS, Doc. 3 (D. Wyoming, Dec. 17, 2025) (case dismissed and IFP application denied as moot); *Shapiro v. Campanelli*, No. 3:25-cv-00199-TES, Doc. 3 (M.D. Ga., Dec. 17, 2025) (granting IFP and dismissing case); *Shapiro v. Campanelli*, No. 1:25-cv-02535-TWP-MKK, Doc. 6 (S.D. Ind., Dec. 16, 2025) (granting IFP and dismissing case); *Shapiro v. Campanelli*, No. 25-30209, Doc. 5 & Doc. 6 (D. Mass., Dec. 17, 2025) (dismissing case and terminating IFP as moot).[1]

Plaintiff clearly has not stated a claim or even attempted to do so, despite his citation to Federal Rule of Civil Procedure 11. He does not include any allegations regarding the basis for his claim or the Court's jurisdiction. And given the number of similar or identical lawsuits Plaintiff has filed against Defendant in the past month without paying the filing fee, the Court finds it clear that this action is completely frivolous. As such, the Court finds justice would not be served by requiring Plaintiff to file an amended complaint in this case. *See* Fed. R. Civ. P. 15; *see also Neitzke*, 490 U.S. at 327 (reasoning that the screening procedure required by § 1915 "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits"). Furthermore, because the Court will recommend Plaintiff's case be dismissed in its entirety, it is unnecessary to discuss the deficiencies in Plaintiff's IFP application in any detail[2] or to require Plaintiff to file a corrected

---

[1] There are numerous other *Shapiro v. Campanelli* cases listed on PACER as having been filed in December 2025. The Court checked and confirmed all such cases were filed without payment of the filing fee. It is unnecessary to list every such case, and the Court declines to do so.

[2] For example, although Plaintiff represents he earns $1,000 in income per month, he refuses to identify his employer and instead writes, "CANNOT STATE." [*See* Doc. 1 at Page ID # 1].

4

IFP application. Rather, Plaintiff's case should be dismissed with no filing fee assessed, and his IFP application should be terminated as moot.

## III. CONCLUSION

For the reasons set forth above, the Court respectfully **RECOMMENDS**[3] that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** and this case closed. Plaintiff's IFP should be **DENIED AS MOOT** with no filing fee assessed.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).